# GREGORY K. STERN, P.C.

53 WEST JACKSON BOULEVARD
SUITE 1442
CHICAGO, ILLINOIS 60604

Gregory K. Stern             Telephone (312) 427-1558
Monica C. O'Brien            Facsimile (312) 427-1289
James E. Hausler             Email: gstern1@flash.net
Christina M. Riepel          Website: www.gregstern.com

February 19, 2010

Alisa M. Levin, Esq.            **Via Facsimile and U.S. Mail (773) 830 - 1708**
1741 North Western Avenue
Suite 2A
Chicago, Illinois 60647

**Re: Gregory L Taylor, Case No. 09 B 45372**

Dear Ms. Levin:

I am in receipt of your February 18, 2010, correspondence in which you represented that your client, B & K Services of Illinois, Inc. ("B & K"), refuses to return the Debtor's post-petition garnished wages, and apparently, you do not fully understand the breadth or scope of the automatic stay provided by 11 U.S.C. § 362. You admit B & K had actual knowledge of the bankruptcy in January, 2010, and by the transmittal of your letter, you have exhibited that you now have actual notice of the Debtor's bankruptcy case. Yet despite the fact that actual notice has been established, without even discussing the fact your client was a scheduled creditor and given notice of the bankruptcy filing, it seems you are advising your client to act in contravention of federal bankruptcy law by not turning over all wages garnished after November 30, 2009. Further, I have enclosed a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, with the Certificate of Notice provided by the Court, which clearly shows that notice was provided to your client at the time the Petition was filed. Pursuant to 11 U.S.C. § 362, the filing of a bankruptcy case *automatically* stay all actions against a debtor. Your client was informed of the pending bankruptcy, its debt was listed in the pending bankruptcy, and it has an absolute obligation and requirement to turnover any and all funds received after the filing of the above reference case. This requirement remains the same regardless of notice to you as an attorney.

If in fact your letter included the improperly garnished wages, you may be able to establish that there was no willful violation of the automatic stay. But instead of returning the funds as is required by the Bankruptcy Code, your apparent course of action appears to be engaging this office in additional unnecessary litigation. You and your client's refusal to return the money is now clearly a willful violation of the automatic stay.

In the event that the Debtor's post-petition garnished wages are not returned by B & K by 5:00 p.m. on February 26, 2010, I will be proceeding forward with a Motion for Sanctions for Willful Violation of the Automatic Stay. If you should you have any questions regarding this matter or

**EXHIBIT D**

Levin – Page 2
February 19, 2010

require any additional information, please do not hesitate to contact me.

Very truly yours,

Christina M. Riepel

CMR:hs
Encl.

cc: Debtor