## LAW OFFICE OF
## ALISA M. LEVIN, ESQ.
1741 N. WESTERN AVENUE, SUITE 2A
CHICAGO, ILLINOIS 60647
T: 312-720-0082
F: 773-830-1708
ALISALEVIN@YAHOO.COM

February 22, 2010

VIA FACSIMILE
Christina Riepel, Esq.
Gregory K. Stern, P.C.
53 West Jackson Blvd., Ste. 1442
Chicago, Illinois 60604

Re: Gregory L. Taylor and B&K Services of Illinois, Inc.

Dear Ms. Riepel,

I am in receipt of your fax dated February 19, 2010. I think you have made a number of inappropriate assumptions, which your lack of experience as an attorney certainly highlights. You need to get off your high horse and understand a few things. I will number them for you so you are clear:

1) I made no admission in my correspondence to you that in any way suggested that there was a willful violation of any law. Specifically, I advised you that my clients and I were notified of the pendency of the lawsuit in January 2010, and not before. There was knowledge of the bankruptcy only after January 2010, and my and B&K's knowledge came **AFTER** the employer stopped garnishing wages pursuant to the stay.

2) Neither my client nor I ever received any notice of the proceedings any time in 2009, from any party. I received the Notice of the already concluded 341 hearing from the employer at the end of January 2010 (note: after the wage deduction had ceased) in response to a question I had of them; and a copy of your February 2010 letter to the accountant (note: also after the wage deduction had ceased). Moreover, upon examination of the creditor list, I see that you have incorrect information for my client, which is very likely why they did not receive any notice. Check your facts Ms. Riepel. My client's business is not in Chicago Heights.

3) Don't mistake my letter as a refusal to do anything. I clearly indicated that my client would honor any court order directed to it. You have yet to provide me with a court order. Instead, you have sent me a 341 Notice that advises me of a meeting that already took place, for a case that I have clearly indicated I was not


EXHIBIT E

aware of at the time. You have no idea what I advised my client to do or not do, and your letter absolutely indicates a false sense of experience, knowledge and wisdom. You would be wise to harness your aggression – for it does not serve you well.

As to the balance of your letter, please fax and mail me a copy of your Notice of Motion and Motion when it is filed and when scheduling the same, please note that I am available **only** on the following upcoming dates:

- March 8-11, 2010
- March 15, 2010
- March 17, 2010

Should there be any confusion about the foregoing, do let me know.

Very truly yours,

Alisa M. Levin, Esq.


Cc: B&K Services